IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ALAN SIERRA,

        Plaintiff,                    No. CIV S-06-0427 GEB KJM P

    vs.

C.A. TERHUNE, et al.,

        Defendants.             ORDER AND

_____/     FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983 against employees of the California Department of Corrections and Rehabilitation. On December 2, 2008, the court recommended that this action be dismissed for plaintiff's failure to file a second amended complaint as instructed by the court. Plaintiff has now filed a second amended complaint. Therefore, the court will vacate the December 2, 2008 findings and recommendations.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On May 4, 2007, the court informed plaintiff that the court was unable to screen plaintiff's original complaint because plaintiff's handwriting was illegible. Plaintiff was

/////

granted leave to file a complaint that is legible and was warned that failure to do so would result in a recommendation that this action be dismissed.

Plaintiff eventually filed his amended complaint, nearly a year later on March 14, 2008. On March 18, 2008, Judge Arthur Alarcon dismissed plaintiff's amended complaint with leave to file a second amended complaint. Judge Alarcon indicated that the amended complaint did not satisfy the rule that it contain a "short and plain statement" of plaintiff's case, and also that he found portions of the amended complaint illegible. He warned plaintiff that the second amended complaint had to be legible, and that it could not exceed 15 pages. If it did not satisfy these criteria, the judge warned the complaint would be dismissed without further leave to amend.

Plaintiff's second amended complaint now on file is no more intelligible or legible than the first two complaints. Rather, it is less so because plaintiff has crammed text onto every line of fifteen pages. Because plaintiff has declined to follow court orders despite clear notice of the consequences, the court will recommend that this action be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.[1]

Accordingly, IT IS HEREBY ORDERED that the court's December 2, 2008 findings and recommendations are vacated; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

/////

---

[1] The court notes that on December 8, 2008, plaintiff requested permission to exceed the fifteen page limit. The court has previously denied similar requests, see docket entries #56 & #60, and there is no cause to revisit those rulings.

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 10, 2009.

_____
U.S. MAGISTRATE JUDGE

1
sier0427.frs